

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:12-CR-440-RCJ-(GWF) |
| JAMES REDA, | ) |
| Defendant. | ) |

### PRELIMINARY ORDER OF FORFEITURE

This Court finds that on October 9, 2014, defendant JAMES REDA pled guilty to Count One of a Three-Count Indictment charging him with Conspiracy to Conduct or Participate in an Enterprise Engaged in a Pattern of Racketeering Activity in violation of Title 18, United States Code, Sections 1029(a), 1343, 1344, 1952(a)(1) and (a)(3), and 1962(c) and (d); Title 21, United States Code, Sections 841(a)(1) and 846; and Nevada Revised Statute 201.354.  Indictment, ECF No. 1; Plea Agreement, ECF No. 188; Change of Plea, ECF No. __.

This Court finds defendant JAMES REDA agreed to the forfeiture of the property set forth in the Plea Agreement, the Bill of Particulars, and the Forfeiture Allegation of the Indictment. Indictment, ECF No. 1; Bill of Particulars, ECF No. 92; Plea Agreement, ECF No. 188; Change of Plea, ECF No. __.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement, the Bill of Particulars,

. . .

and the Forfeiture Allegation of the Indictment and the offense to which defendant JAMES REDA pled guilty.

The following assets are subject to forfeiture pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), (a)(3), and (m); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p):

1. Twenty-five thousand eight hundred seventy-three dollars and ten cents ($25,873.10) in United States Currency;

2. Seven thousand dollars ($7,000.00) in United States Currency;

3. One (1) stainless steel Rolex Oyster Perpetual Date Submariner, black dial and bezel, 40mm, Movement #31867604, Model #16610 T, Serial Z840628, 134 grams;

4. One (1) 18k yellow gold IWC Schaffhausen chronograph automatic wristwatch with leather, stamped on back 2684354 INTERNATIONAL WATCH CO., two sub dials, 41 mm case, 104.6 grams;

5. One (1) 18k yellow gold Rolex Oyster Perpetual Superlative Chronometer Cosmograph Daytona wristwatch and band, Serial #K258882, Model #116528, Band #78498, movement #C 0255271, white dial with three white sub dials having gold bezels, 39mm case, 179.3 grams;

6. One (1) 18k yellow gold Cartier Pasha Chronograph date wristwatch with leather band with 18k fold-over hidden clasp, Case #319453MG, presentation back, 38.4mm case, white dial with three sub dials and date, 108.8 grams;

7. One (1) stainless steel Girard-Perregaux Ferrari Chronograph wristwatch with leather band, stamped on back with Girard-Perregaux, Ferrari, AN 853 Ref 8020, Manufacture specialement pour FERRARI, black dial with prancing horse, three black sub dials and a date window, luminous hour markers and hands, 38mm case, 72.8 grams; and

. . .

       8. Any and all ownership interest that defendant may hold in CLS Nevada, LLC, and any licenses, certificates or medallions held or used by CLS or any affiliated persons, agents or entities

(all of which constitutes "property").

As part of the United States' plea agreement with co-defendant Charles Horky, the United States has agreed to compromise, settle and waive its demand for a monetary judgment in the sum of five million two hundred thousand dollars ($5,200,000.00) if Charles Horky pays seven hundred fifty thousand dollars ($750,000.00) in United States Currency in the form of a cashier's check payable to the United States Marshals Service and delivered to the Federal Bureau of Investigation prior to his sentencing hearing. If Charles Horky fails to forfeit, tender, and pay $750,000 prior to his sentencing hearing, an in personam criminal forfeiture money judgment of $5,200,000 will be entered against the defendants.

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest of JAMES REDA in the aforementioned property is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

. . .

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> Lloyd D. George United States Courthouse
> 333 Las Vegas Boulevard South, Suite 5000
> Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

DATED this 9th day of October, 2014.

_____
UNITED STATES DISTRICT JUDGE